## Ella L. Houdeshell, Appellee, v. Yeomen of America, Appellant.

## Gen. No. 5.465.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Boone county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1911₎ Affirmed. Opinion filed October 13, 1911.

FRED B. SILSBEE and WILLIAM C. DEWOLF, for appellant.

WILLIAM L. PIERCE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant in assumpsit in the circuit court and filed the common counts. She was ruled to file a bill of particulars and did so. The first three

items of said bill were $100 for salary for the month of June, 1909, as per contract; $100 for reasonable value of services rendered in August, 1909; and $66 for reasonable value of services from September 1 to September 20, 1909. The remaining items of the bill of particulars were for various expenses. She either abandoned them at the trial or the jury rejected them. Appellant pleaded the general issue and there was a jury trial and appellee had a verdict for $266, being the amount of the first three items of the bill of particulars. Appellee had judgment and defendant below appeals.

It is not argued that the court erred in any ruling except in failing to grant a new trial. No instructions were requested or given. The main question is one of fact. Appellee had worked for appellant a number of years, and in the first half of 1909 was working under a contract which gave her a salary of $100 per month and commissions on certain business secured by her. Appellant cancelled this contract, effective on July 1, 1909, and sent her two copies of a proposed contract which omitted the salary and which she did not execute. This change was due to financial difficulties of appellant, and not to any apparent dissatisfaction with appellee's services. Appellee's proof tends to show that Judd, vice president and field manager of appellant, a beneficiary society, then told appellee to keep on as she had been doing and appellant would pay her the same salary for July, 1909, as she had been receiving under the former contract. There was evidence tending to show that this was acquiesced in by the president. The proof tends to show that after July she was requested by both the president and the field manager to keep on and was assured by them that she would be paid the reasonable value of her services. She did continue to serve till September 20, 1909. There was proof that the reasonable value of her services for July, August and the first twenty days of September, was $150 per month. The foregoing testimony was

practically uncontradicted. Appellant produced checks paid to appellee during the period covered by this suit. There was no plea of payment, and the evidence tends to show that these checks were issued to appellee for various items of commissions earned during several months preceding July 1, 1909. Appellant produced statements of account rendered to appellee at the close of July and at the close of August, in which no salary for appellee was included and appellant insists that these became accounts stated and defeat her claim for compensation for July and August. The evidence tended to show that these statements related to the commission business and other matters occurring prior to July 1, 1909. Under appellee's contract, in force up to July 1, 1909, her commissions were not immediately payable, but came along from time to time for a considerable period after they were actually earned. The proof makes it plain that appellee rendered the services for which she sues, and that she was to have a salary of $100 for July, and that thereafter she was promised what her services were reasonably worth, and that they were worth more than the amount of this judgment. The questions whether she had been paid by the checks she received, or whether the facts created an account stated which barred her claim, were not preserved as questions of law to be reviewed, but were presented as matters of fact to be determined by the jury. We do not feel warranted in disturbing their verdict, approved by the trial judge.

The judgment is therefore affirmed.

*Affirmed.*